IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KIMBERLY LAGAYLE McCARTHY, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil No. 3:07-CV-1631-O |
| RICK THALER, Director, | ) | |
| Texas Department of Criminal Justice, | ) | (death-penalty case) |
| Correctional Institutions Division, | ) | |
| Respondent. | ) | |

MEMORANDUM OPINION AND ORDER

Petitioner Kimberly LaGayle McCarthy ("McCarthy"), convicted and sentenced to death for

capital murder, petitions the court on nine grounds for a writ of habeas corpus.  Concluding that two

grounds are procedurally barred and that McCarthy is not entitled to relief on the remaining grounds

under the standards prescribed by the Antiterrorism and Effective Death Penalty Act of 1996

("AEDPA"), the Court denies the petition and dismisses this action with prejudice.

I. BACKGROUND

On July 21, 1997 McCarthy entered the home of her 71-year-old neighbor Dorothy Booth

under the pretense of borrowing some sugar and then "stabbed Mrs. Booth five times, hit her in the

face with a candelabrum, cut off her left ring finger in order to take her diamond ring, and nearly

severed her left little finger as well." *McCarthy v. State*, No. 74590, 2004 WL 3093230, at *2 (Tex.

Crim. App. 2004).  McCarthy then took Mrs. Booth's purse and its contents, along with her wedding

ring and fled in her car.  Later, McCarthy bought drugs with the stolen money, used the stolen credit

cards, and pawned the stolen wedding ring.  This was the last in a series of robbery-murders that

McCarthy committed against her elderly female acquaintances.

On August 18, 1997, McCarthy was charged with capital murder for causing Booth's death in the course of committing and attempting to commit robbery. (Vol. 1, State Clerk's Record, "CR", at 2-3) Her first conviction and death-sentence in 1998 was reversed on direct appeal by the Texas Court of Criminal Appeals ("CCA"). *See McCarthy v. State*, 65 S.W.3d 47 (Tex. Crim. App. 2001) (hereinafter "*McCarthy* I"). She was subsequently tried and found guilty of capital murder in November of 2002, which was affirmed, *see McCarthy v. State*, 2004 WL 3093230 ("*McCarthy II*"), and her petition for a writ of certiorari was denied by the Supreme Court of the United States. *McCarthy v. Texas*, 545 U.S. 1117 (2005). McCarthy filed her second state habeas action on August 24, 2004, which was denied (without an evidentiary hearing in the trial court) by the CCA on September 12, 2007. *Ex parte McCarthy*, No. 50,360-02, 2007 WL 2660306 (Tex. Crim. App. 2007). On September 11, 2008, McCarthy filed in this court a petition for a writ of habeas corpus within the one-year limitations period.

## II. CLAIMS

McCarthy seeks habeas-corpus relief on the following nine grounds:

1.  Trial counsel was ineffective for waiving Texas evidence rule 614 and allowing the victim's daughter to remain in the courtroom after she testified.

2.  Trial counsel was ineffective for failing to offer McCarthy's written statement in the punishment stage of her trial.

3.  The Texas death-penalty procedures violate due process by failing to require the state to disprove mitigating circumstances beyond a reasonable doubt.

4.  The Texas death-penalty procedures violate due process because the use of the term "probability" undermines the requirement that the state prove future dangerousness beyond a reasonable doubt.

5.  Trial counsel was ineffective for failing to object to the trial court's charge on future dangerousness.

6.  The trial court violated McCarthy's due process rights by failing to grant her motion to set aside the indictment because it did not allege lack of mitigation and future dangerousness as elements of the offense.

7.  The Texas death-penalty procedures are unconstitutional because prosecutors are allowed "unfettered discretion" to seek the death penalty.

8.  Appellate counsel was ineffective for failing to raise certain record issues.

9.  Cumulative error.

Respondent answered on December 11, 2008, and asserts that McCarthy's first, fourth and seventh claims are procedurally barred from review in this court. (Ans. at 12-15, 19-21, 29-30).  Respondent also makes a general assertion that McCarthy has not exhausted all of her claims, but did not identify any specific claim that was not exhausted. (Ans. at 3.)

III. PROCEDURAL BAR

Respondent asserts that McCarthy's first, fourth and seventh claims are procedurally barred from federal habeas review.  A federal court may not consider the merit s of a habeas claim if a state court has denied relief due to a procedural default. *Sawyer v. Whitley*, 505 U.S. 333, 338 (1992). The state court opinion must contain a "plain statement" that its decision rests on adequate and independent state grounds. *Harris v. Reed*, 489 U.S. 255, 261-62 (1989); *Smith v. Collins*, 977 F.2d 951, 955 (5th Cir. 1992).  To be an adequate ground for denying relief, the state procedural rule must be strictly or regularly applied to similar claims. *See Hathorn v. Lovorn*, 457 U.S. 255, 262-63 (1982); *Johnson v. Puckett*, 176 F.3d 809, 824 (5th Cir. 1999).  A petitioner can overcome a procedural default only by showing: (1) cause for the default and actual prejudice; or (2) that the application of the state procedural bar would result in a fundamental miscarriage of justice. *See Smith v. Johnson*, 216 F.3d 521, 524 (5th Cir. 2000).

In her first claim, McCarthy complains that trial counsel was ineffective for agreeing to waive enforcement of Texas Rule of Evidence 614 to exclude the deceased victim's daughter from the courtroom after she had concluded her testimony. (Pet. at 43-48.) Respondent claims that federal habeas review of this claim is barred because it was not raised in the direct appeal and the state habeas court "recommended that the claim be summarily rejected on procedural grounds because McCarthy could have and should have raised it on direct appeal." (Ans. at 29-30.) Respondent relies upon a state procedural rule (the "*Gardner* rule") requiring any claims that could be made in the direct appeal rather than by habeas review, must be made in the direct appeal. *See Ex parte Gardner*, 959 S.W.2d 189, 198-200 (Tex. Crim. App.1998).  However, the state habeas court's findings that imposed the *Gardner* rule to this claim were expressly excepted from the findings adopted in the order denying habeas relief. *See Ex parte McCarthy*, 2007 WL 2660306, at *1.  This is not the kind of plain statement of reliance upon a state procedural rule that would bar federal habeas review of the merits of this claim.

Further, a state procedural default for failure to raise an ineffective assistance of trial counsel claim in the direct appeal does not appear to have been regularly followed in the Texas courts and is therefore insufficient to bar federal habeas review.  Such claims were not generally expected to be raised on direct appeal, where review was limited to the trial record, but instead were to be presented in habeas corpus proceedings, where the record could be properly developed.  Discussing ineffective assistance of counsel claims, the CCA has reaffirmed "[a]s we have done many times before . . . that the record on direct appeal is usually inadequate to address ineffective assistance claims." *Roberts v. State*, 220 S.W.3d 521, 533 (Tex. Crim. App.), *cert. denied*, 552 U.S. 920 (2007).  "Direct appeal is usually an inadequate vehicle for raising such a claim because the record

is generally undeveloped." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (citing *Thompson v. State*, 9 S.W.3d 808, 813-814 (Tex. Crim. App. 1999)).   In fact, Respondent acknowledges that "ineffective-assistance-of-counsel claims are generally exempted from this procedural bar because they typically depend on evidence that is usually outside the record." (Ans. at 5 n.2) (citing *Ex parte Torres*, 943 S.W.2d 469, 475 (Tex. Crim. App. 1997)).   Accordingly, the state rule precluding consideration of record claims on direct appeal was not clearly relied upon as the basis for denial of this claim in the state courts, and was not firmly established and regularly followed at the time of McCarthy's direct appeal regarding ineffective-assistance-of-counsel claims. This claim will be addressed on the merits. *See infra* Section V.

In her fourth claim, McCarthy complains that the future dangerousness special issue submitted to her jury allowed this finding on an inadequate standard of proof due to the use of the term "probability." (Am. Pet. at 57-62.)   Respondent asserts that this claim is barred by the state court's reliance on McCarthy's failure to raise this at trial in violation of the Texas contemporaneous objection rule. (Ans. at 12-13.)   The state habeas court denied this claim as waived by the failure to raise it at trial. (SHF No. 55-56; SHR at 218.)   This finding was adopted by the CCA in denying relief.   *See Ex parte McCarthy*, 2007 WL 2660306, at *1.   The Texas contemporaneous objection rule has been found to be an independent and adequate state ground to bar federal habeas review. *See Scheanette v. Quarterman*, 482 F.3d 815, 823 (5th Cir. 2007); *Jackson v. Johnson*, 194 F.3d 641, 652 (5th Cir. 1999).   Respondent argued that McCarthy was attempting to avoid the application of this procedural bar by showing that her appointed counsel was ineffective for failing to object at trial. (Ans. at 13-14).   However, rather than raising this as an attempt to avoid the procedural bar to

this claim, McCarthy asserts the ineffective assistance of counsel as a separate claim, which is denied on its merits below.  Therefore, McCarthy's fourth claim is denied as barred.[1]

In her seventh claim, McCarthy asserts that the Texas death-penalty scheme violates the Eighth and Fourteenth Amendments because it allows the prosecution unfettered discretion in its decision to seek the death penalty. (Am. Pet. at 69-71.)  Respondent asserts that this claim is barred by the state court's reliance on McCarthy's failure to raise this record claim in her direct appeal in violation of the *Gardner* rule. (Ans. at 19-21.)  The state habeas court denied this claim as forfeited under the *Gardner* rule. (SHF No. 81-82; SHR at 225.)  This finding was adopted by the CCA in denying relief. *See Ex parte McCarthy*, 2007 WL 2660306, at *1.  The Texas *Gardner* rule has been found to have been firmly established and regularly followed prior to McCarthy's trial in 2003. *See Dorsey v. Quarterman*, 494 F.3d 527, 532 (5th Cir. 2007) (citing *Busby v. Dretke*, 359 F.3d 708, 719 (5th Cir. 2004)).  Therefore, it is an independent and adequate state ground to bar federal habeas review. *See Dorsey*, 494 F.3d at 532.  McCarthy's seventh claim is denied as barred.[2]

## IV. STANDARD OF REVIEW

McCarthy's habeas petition is governed by 28 U.S.C. § 2254, as amended by the AEDPA. Consideration of the merits of exhausted claims is controlled by § 2254(d) which provides,

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that

---

[1]If this claim were not denied as barred, it would be denied on the merits. *See Scheanette*, 482 F.3d at 827-28 (approving of use of term "probability" in the future dangerousness special issue).

[2]If this claim were not denied as procedurally barred, it would be denied on other grounds.  Respondent also asserts that this claim would be barred by the nonretroactivity doctrine of *Teague v. Lane*, 489 U.S. 288, 310-11 (1989), because it would rely upon a new rule that has not yet been established.  McCarthy does not cite any clearly established federal law as determined by the Supreme Court to support habeas relief for this novel proposition. *See, e.g., Kerr v. Thaler*, No. 4:06-CV-372-Y,  2009 WL 2981906 (N. D. Tex. Sep. 17, 2009), *COA denied*, 384 Fed. Appx. 400 (5th Cir. 2010) (holding similar claim to be *Teague*-barred).

was adjudicated on the merits in State court proceedings unless the adjudication of the claim——

    (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

    (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Id.* The AEDPA limits rather than expands the availability of habeas relief. *See Fry v. Pliler*, 551 U.S. 112, 119 (2007); *Williams v. Taylor*, 529 U.S. 362, 412 (2000). "By its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." *Harrington v. Richter*, 562 U.S. ——, 131 S.Ct. 770, 784 (2011). "This is a 'difficult to meet,' and 'highly deferential standard for evaluating state-court rulings, which demands that state-court rulings be given the benefit of the doubt.'" *Cullen v. Pinholster*, 563 U.S. ___, 131 S.Ct. 1388, 1398 (2011) (internal citations omitted) (quoting *Harrington v. Richter*, 131 S.Ct. at 786, and *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (*per curiam*)).

    Under the "contrary to" clause, a federal court may grant the writ of habeas corpus if the state court either arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. at 412-13; *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court either unreasonably applies the correct legal rule to the facts of a particular case or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 407. The standard for determining

whether a state court's application was unreasonable is an objective one and applies to all federal habeas corpus petitions which, like the instant case, were filed after April 24, 1996, provided that they were adjudicated on the merits in state court. *See Lindh v. Murphy*, 521 U.S. 320, 327 (1997).

In the context of habeas corpus, "adjudicated on the merits" is a term of art referring to a state court's disposition of a case on substantive rather than procedural grounds. *Green v. Johnson*, 116 F.3d 1115, 1121 (5th Cir. 1997). Federal habeas review of claims adjudicated on the merits in state court is limited to the record that was before the state court. "[E]vidence introduced in federal court has no bearing on § 2254(d)(1) review. If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court." *Pinholster*, __ U.S. __, 131 S.Ct. at 1400. Relief under 28 U.S.C. § 2254(d)(2) requires a showing that the state-court adjudication constituted "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

## V. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

McCarthy's first, second, and fifth grounds for relief complain that she was provided ineffective assistance of counsel at her trial.

### A. Applicable Law.

The Sixth Amendment of the United States Constitution guarantees a criminal defendant "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To obtain habeas relief on a claim of ineffective assistance of counsel, the petitioner must prove (1) that counsel's performance was deficient and (2) that it prejudiced the defendant. *Id.* To dispose of an ineffective assistance claim, a federal habeas court need not address both prongs of this standard. *Strickland*, 466 U.S. at 700; *Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994). Failure to

establish either requirement necessarily defeats the claim. *Strickland*, 466 U.S. at 697; *Smith v. Puckett*, 907 F.2d 581, 584 (5th Cir. 1990).

In measuring whether counsel's representation was deficient, a petitioner must show that counsel's representation fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 687-88; *Lackey v. Johnson*, 116 F.3d 149, 152 (5th Cir. 1997). "It is well settled that effective assistance is not equivalent to errorless counsel or counsel judged ineffectively by hindsight." *Tijerina v. Estelle*, 692 F.2d 3, 7 (5th Cir. 1982). A court reviewing an ineffectiveness claim must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional competence or that, under the circumstances, the challenged action might be considered sound trial strategy. *Gray v. Lynn*, 6 F.3d 265, 268 (5th Cir. 1993); *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992).

To satisfy the second prong of the *Strickland* test, the petitioner must show that counsel's errors were so egregious as to deprive the defendant of a fair trial whose result is reliable. *Strickland*, 466 U.S. at 687. The test to establish whether there was prejudice is whether "there is a reasonable probability that, but for the counsel's unprofessional errors, the trial would have been different." *Id.* at 694. A reasonable probability is "probability sufficient to undermine confidence in the outcome." *Id.* It is not enough for a habeas petitioner to merely allege deficiencies on the part of counsel. The petitioner must affirmatively plead the resulting prejudice in the habeas petition. *Hill v. Lockhart*, 474 U.S. 52, 60 (1985); *Bridge v. Lynaugh*, 838 F.2d 770, 773 (5th Cir. 1988).

To obtain federal habeas relief on an ineffective-assistance-of-counsel claim under the AEDPA standard of review, a petitioner is required to demonstrate that the state court's decision on the ineffective assistance claim was contrary to, or an unreasonable application of, the standards set

forth under *Strickland*. *See Schaetzle v. Cockrell*, 343 F.3d 440, 443-44 (5th Cir. 2003).  Given the presumption of competence required in *Strickland*, this makes federal habeas review of a state court's denial of such a claim "doubly deferential." *Pinholster*, __ U.S. __, 131 S.Ct. at 1403 (citing *Knowles v. Mirzayance*, 556 U.S. ——, 129 S.Ct. 1411, 1420 (2009), and *Yarborough v. Gentry*, 540 U.S. 1, 5–6 (2003) (*per curiam*)).  A state prisoner seeking federal habeas relief on such grounds "must demonstrate that it was necessarily unreasonable for the [state court] to conclude: (1) that he had not overcome the strong presumption of competence; and (2) that he had failed to undermine confidence in the jury's sentence of death." *Id.*

### B. Analysis.

As discussed in Section III above, McCarthy claims in her first ground for relief that her trial counsel provided ineffective assistance by agreeing to waive enforcement of Texas Rule of Evidence 614 ("the Rule") and allowing the deceased victim's daughter to remain in the courtroom during trial. (Am. Pet. at 43-48.)  However, neither prong of the *Strickland* test is satisfied.

The proper enforcement of the Rule would not have excluded the victim's daughter from remaining in the courtroom after she finished testifying.  "The purpose of placing witnesses under the rule is to prevent the testimony of one witness from influencing the testimony of another, consciously or not." *Russell v. State*, 155 S.W.3d 176, 179 (Tex. Crim. App. 2005).  The victim's daughter testified first to identify the victim and her belongings. (Vol. 22, State reporter's record, "RR", at 14-29; SHF Nos. 8; SHR at 205.)  At the conclusion of her testimony, she was finished testifying and the Rule would have had no further application to her.  Also, state law contains an exception for victims, which would include close relatives of a deceased victim, even if they were to be recalled to the stand at some later time. *See* Tex.Crim. Proc.Code Ann. art. 36.03(a), (b)

-10-

(Vernon 1998). Therefore, trial counsel should not be faulted for not taking a certain legal action to prevent a result that the legal action would not have prevented.

However, even if enforcing the Rule would have excluded the victim's daughter from the trial, waiving it was reasonable and sound trial strategy. Trial counsel negotiated a waiver of the Rule as to the victim's daughter in exchange for the prosecutor's agreement to allow McCarthy's family to remain in the courtroom as well. (22 RR at 3; Aff. of Gregory Davis at 1; SHF Nos. 8, 11; SHR at 137, 205-06.) Since the victim's daughter sat through this same evidence in the first trial without incident, there was no indication of any problem with her sitting through the second trial. (Aff. of Gregory Davis at 1-2; SHF No. 11; SHR at 137-38, 206.) Again, trial counsel's conduct is not shown deficient.

Even if trial counsel's conduct could somehow be considered constitutionally deficient in this situation, the outcome of the trial would not have been any different. The daughter testified first. Later, she was briefly overcome with emotion, and her husband took her out of the courtroom. (22 RR at 14-29, 60; SHF Nos. 8, 16-19; SHR at 205, 207-08.) Trial counsel took all reasonable actions, including a motion for mistrial, and the victim's daughter remained outside of the courtroom for the remainder of the trial. (22 RR at 61-62; SHF No. 8, 12; SHR at 205-06.) Several witnesses and considerable time and intervening circumstances occurred before the jury considered its verdicts. (SHF Nos. 8, 17; SHR at 205, 207-08.) Any effect that this may have had on the verdict was attenuated and is not shown to have prejudiced McCarthy's trial.

McCarthy's second claim is that trial counsel was ineffective for failing to introduce her "statement" in the punishment phase of her trial. Again, neither prong of *Strickland* is satisfied.

According to state law, "self-serving declarations of the accused are ordinarily inadmissible in his behalf, unless they come under some exception, such as: being part of the res gestae of the offense or arrest, or part of the statement or conversation previously proved by the State, or being necessary to explain or contradict acts or declarations first offered by the State." *Allridge v. State*, 762 S.W.2d 146, 152 (Tex. Crim. App. 1988) (quoting *Singletary v. State*, 509 S.W.2d 572, 576 (Tex. Crim. App. 1974)).  The state habeas court found that McCarthy's statement would not have been admissible by the defense. (SHF No. 25; SHR at 209.)  The Supreme Court has "repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (citing *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975)); *Paredes v. Quarterman*, 574 F.3d 281, 291 (5th Cir. 2009), *cert. denied*, __ U.S. __, 131 S.Ct. 1050 (2011)  Therefore, this Court must consider it inadmissible under state law and trial counsel should again not be faulted for failing to take a useless action.

Even were it admissible, it was again reasonable and sound trial strategy to not introduce it. McCarthy's first conviction and death sentence were reversed because the prosecution used this statement at the trial. *McCarthy I*, 65 S.W.3d at 56.  In that reversal, the CCA characterized this statement as painting such a bad picture of McCarthy that its admission tainted the jury's consideration of her case. *Id.* at 55-56.  As observed by the state habeas court, "the Court of Criminal Appeals said the statement was 'used to paint appellant as an unrepentant liar and set out her cruel and greedy motive for killing her elderly neighbor.'" (SHF No. 29; SHR at 210) (quoting *McCarthy I*, 65 S.W.3d at 56).  Also, the confession contained statements inconsistent with the defense in the second trial.  As the state habeas court noted, those portions of this statement that

might have aided in her defense at punishment (emphasizing her drug addiction and her claim to not have actually been the one to kill the victim) were presented to the jury through other means that did not carry the negative aspects of the written statement. (SHF Nos. 33-34; SHR at 211-12.)  These findings and conclusions are reasonable.  Therefore, the result would not have been any better for McCarthy had this statement been admitted again in the second trial.

In McCarthy's fifth claim, she complains that trial counsel failed to make certain objections to the court's charge. (Pet. at 63-64.)  As shown in the next section, these objections would have lacked merit. *See infra* Section VI.  Trial counsel "cannot have rendered ineffective assistance of counsel by failing to make an objection that would have been meritless." *Turner v. Quarterman*, 481 F.3d 292, 298 (5th Cir. 2007) (citing  *Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998)); *see also Clark v. Collins*, 19 F.3d 959, 965-66 (5th Cir. 1994) (failure to raise meritless objection is not ineffective assistance).  Therefore, it was not ineffective to forego these meritless objections.

McCarthy's first, second and fifth claims are denied for lack of merit.

## VI.  STATE DEATH-PENALTY SYSTEM

In her third and sixth claims, McCarthy challenges the Texas death-penalty system based on an extension of the principles announced in *Ring v. Arizona*, 536 U.S. 584 (2002),  *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Jones v. United States*, 526 U.S. 227 (1999).  However, such an extension would not authorize federal habeas relief under the AEDPA, and both of these claims have already been rejected in this Circuit.

### A. *Applicable Law.*

Construing requirements in federal trials, the Supreme Court in *Jones v. United States*, noted that "under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees

of the Sixth Amendment, any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt." *Jones*, 526 U.S. at 243, n.6.   Later, the Court held that the Fourteenth Amendment incorporates this Sixth Amendment requirement to state trials, holding that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi,* 530 U.S. at 490.   Finally, the Court further applied this to prohibit "a sentencing judge, sitting without a jury," from finding "an aggravating circumstance necessary for imposition of the death penalty." *Ring*, 536 U.S. at 609.

### B. Analysis.

In her third ground for relief, McCarthy claims that the mitigation special issue violates due process in that it failed to require the state to prove the absence of mitigating circumstances beyond a reasonable doubt. (Pet. at 52-57.)   This claim has been repeatedly rejected in this Circuit. *See Rowell v. Dretke*, 398 F.3d 370, 376-78 (5th Cir. 2005); *Granados v. Quarterman*, 455 F.3d 529, 536 (5th Cir. 2006); *Scheanette v. Quarterman*, 482 F.3d at 828.   The Sixth Amendment requirement set forth in *Apprendi* and *Ring* do not apply to mitigating factors. *See Ring*, 536 U.S. at 597 n.4; *Apprendi*, 530 U.S. at 490, n.16 (noting "the distinction the Court has often recognized between facts in aggravation of punishment and facts in mitigation" (internal citation omitted)).   Therefore, no violation of the Sixth Amendment is shown. *See also Avila v. Quarterman*, 560 F.3d 299, 314-15 (5th Cir.), *cert. denied, Avila v. Thaler*, __ U.S. __, 130 S.Ct. 536 (2009) (recognizing precedent foreclosing petitioner's complaint of the lack of a jury finding of mitigating evidence beyond a reasonable doubt).

-14-

In her sixth claim, McCarthy complains that the indictment failed to charge the punishment special issues. (Pet. at 65-68.)  She argues that these special issues were the "functional equivalent" of elements of the offense, and that because these issues were not presented to a Grand Jury and charged in the indictment, her rights under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment were violated. (Pet. at 67-68.)   This argument is similar to that denied in this district in *Kerr v. Thaler*, 2009 WL 2981906, at *4-5.

As Respondent points out, those complaints relating to McCarthy's right to indictment would not raise a federal claim, but only a claim arising out of state law, since she does not allege that it deprived the state court of jurisdiction. (Ans. at 26, citing *McKay v. Collins*, 12 F.3d 66, 68 (5th Cir. 1994)).  The Fifth Amendment right to indictment has not been incorporated into the Due Process Clause of the Fourteenth Amendment as applicable to the states. *See Hurtado v. California*, 110 U.S. 516 (1884); *Albright v. Oliver*, 510 U.S. 266, 272 (1994) (noting that the Fifth Amendment right to indictment was not among the Bill of Rights provisions incorporated into the Fourteenth Amendment).  Therefore, "the specific requirements of the Fifth Amendment pertaining to federal indictments are among the few provisions of the Bill of Rights not incorporated into the Fourteenth Amendment requirements imposed on the states." *Kerr*, 2009 WL 2981906, at *4.  Accordingly, any of the requirements set out in *Jones* for federal indictments would not apply to state criminal prosecutions.

Even so, McCarthy misapprehends the rule of *Apprendi* and *Ring* and its application to Texas procedures.  These cases make an important distinction between the eligibility determination and the narrowing of jury discretion in making the ultimate decision whether to impose a death penalty. The requirements of *Apprendi* and *Ring* apply only to the eligibility determination, which is made

in the guilt stage of Texas capital trials, and not to the special issues in the punishment stage.  As

the district court explained in *Kerr*,

> Under the Texas death-penalty system, the eligibility determination is made by
> looking to the aggravating factors elevating a murder to a capital offense, e.g.,
> committing the murder in the course of another felony offense such as aggravated
> sexual assault. *See* Tex. Penal Code § 19.03(a)(2). This determination is to be made
> in the guilt phase upon elements alleged in the indictment, as it was in this case.
>
> The special issues in Texas do not set forth aggravating factors for this eligibility
> determination, but instead are designed to narrow the jury's discretion in making the
> ultimate decision whether to impose the death penalty. *See Jurek v. Texas*, 428 U.S.
> 262, 279, 96 S.Ct. 2950, 49 L.Ed.2d 929 (1976). Therefore, these special issues are
> not elements of the offense that must be alleged in an indictment and proven by the
> prosecution beyond a reasonable doubt.

2009 WL 2981906, at *5 (internal record citation omitted).  The aggravating factor that elevated the

murder committed by McCarthy to capital murder was that she committed it in the course of robbery.

(1 CR 2); *McCarthy v. State*, 2004 WL 3093230, at 1; Tex. Penal Code § 19.03(a)(2).  This was

properly charged and proof before the jury was required beyond a reasonable doubt. (2 CR at 540-43,

545.)  The requirements of *Apprendi* and *Ring* do not apply to McCarthy's punishment special issues.

Therefore, her third and sixth claims are denied for lack of merit.[3]

## VII. INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

In her eighth claim for relief, McCarthy complains that her appellate counsel failed to raise

certain claims on direct appeal, but she does not include those omitted claims in the body of her

petition.  Instead, she describes them as "Grounds for Relief One, Two, Three, Four, Six, Seven,

Eight, Ten and Eleven in Petitioner's State Habeas Writ." (Pet. at 72-74.)  This incorporates by

reference state court records that were not filed with the petition and not available to this court until

---

[3]Even if the requirements of *Apprendi* and *Ring* applied to these punishment special issues, the retroactive application
of such requirements in federal habeas review of state convictions would be subject to the nonretroactivity doctrine of
*Teague*. *See Schriro v. Summerlin*, 542 U.S. 348, 352 (2004).

provided later by Respondent.  Instead, McCarthy referenced a different list of claims in Petition

Exhibit C, being a list of claims made in his direct appeal, apparently to show that her desired claims

were omitted.  This manner of pleading does not provide the clarity and particularity sought by Rule

2(c) of the Rules Governing 28 U.S.C. § 2254 Cases in the United States District Courts.  *See Mayle*

*v. Felix*, 545 U.S. 644, 655 (2005) ("Habeas Corpus Rule 2(c) is more demanding" than the federal

rules of civil procedure so that the district court may determine whether to dismiss or require a

response).  Therefore, this claim may be dismissed on that basis, but is further addressed in the

interests of justice.

A review of the state court record reveals that the following grounds raised in the state habeas

proceedings are the ones made the subject of this claim.  The first state habeas ground asserted

ineffective assistance of trial counsel as a violation of the Sixth Amendment for waiving the Rule and

allowing the deceased victim's daughter to remain in the courtroom, and the second ground asserted

the same complaint as a violation of state law. (SHR at 35.)  The third state habeas ground asserted

ineffective assistance of trial counsel as a violation of the Sixth Amendment for failing to present

McCarthy's written statement to the police, and the fourth ground asserted the same complaint as a

violation of state law. (SHR at 41.)  The sixth state habeas ground complained that the future

dangerousness special issue allowed a finding on an inadequate standard of proof due to the use of

the term "probability." (SHR at 48.)  The seventh state habeas ground asserted ineffective assistance

of trial counsel as a violation of the Sixth Amendment for failing to object to the failure of the future

dangerousness special issue to present the correct burden of proof, and the eighth ground asserted the

same complaint as a violation of state law. (SHR at 53.)  The tenth ground for state habeas relief

asserted that the Texas death-penalty procedures violate the United States Constitution by allowing

the prosecution "unfettered discretion" in deciding to seek the death penalty, and the eleventh ground asserted this same complaint as a violation of state law. (SHR at 59.)

### A. Applicable Law.

In reviewing a claim alleging ineffective assistance of appellate counsel, the traditional *Strickland* standard described in Section V, *supra*, applies. *See Blanton v. Quarterman*, 543 F.3d 230, 240 (5th Cir. 2008); *Busby v. Dretke*, 359 F.3d at 714.  Appellate counsel's failure to pursue relief on a ground that would not have prevailed on appeal will not constitute ineffective assistance. *See Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001); *see also, Penson v. Ohio*, 488 U.S. 75, 83-84 (1988) (appointed appellate counsel need not make frivolous arguments); *Medellin v. Dretke*, 371 F.3d 270, 279 (5th Cir. 2004) (where omitted claim lacks merit, ineffective assistance of counsel claim based on failure to raise claim on appeal also lacks merit); *Clark v. Collins*, 19 F.3d at 965-66 (failure to raise objection that was meritless at the time not ineffective assistance of counsel); *Williams v. Collins*, 16 F.3d 626, 635 (5th Cir. 1994) (where issue lacks merit, failure to raise issue on appeal cannot satisfy prejudice prong of *Strickland* ).

### B. Analysis.

The first, third, sixth, seventh, and tenth grounds for state habeas relief are also presented as grounds in this petition for federal habeas relief.  The ineffective assistance of counsel claims presented in McCarthy's first state habeas ground (waiving the Rule), third state habeas ground (failing to present the confession), and seventh state habeas ground (failing to complain about the future dangerousness special issue) have each been found to lack merit as set forth above. *See supra*, Section V.  The sixth ground for state habeas relief constitutes an unwarranted extension of the *Ring*

*v. Arizona* line of cases as shown in the analysis contained in Section VI above. *See Scheanette*, 482 F.3d at 827-28 (approving use of term "probability" in the future dangerousness special issue).

The tenth ground for state habeas relief, which is also set forth as the seventh ground for federal habeas relief in this proceeding, complains that the state death-penalty procedures allow the prosecutor "unfettered discretion" in the decision of whether to seek the death penalty.  The legal argument provided in support of this theory is that "[t]he Supreme Court has long held that 'a system of law and of justice that leaves to the uncontrolled discretion of judges or juries the determination whether defendants committing these [capital] crimes should die or be imprisoned' runs afoul of the Eighth and Fourteenth Amendments." (Pet. at 71, citing *Furman v. Georgia*, 408 U.S. 238 (1972).) However, *Furman* did not limit prosecutorial discretion, and a similar complaint that the constitutional restriction in *Furman* is violated when a "state prosecutor has unfettered authority to select those persons whom he wishes to prosecute for a capital offense and to plea bargain with them" was expressly rejected in *Gregg v. Georgia*, 428 U.S. 153, 199 (1976).  The state court on habeas review also found in the alternative that this claim lacked merit, which suggests that it would not have prevailed on the direct state appeal. (SHF Nos. 83-87; SHR at 225-26.)  McCarthy has not shown any likelihood of success if this issue had been raised in her direct appeal.

The second, fourth, eighth, and eleventh grounds for state habeas relief relied upon state constitutional grounds.  The state habeas court found that each of these grounds lacked merit. (SHF Nos. 4; SHR at 203-04.)  "Under § 2254, federal habeas courts sit to review state court misapplications of federal law.  A federal court lacks authority to rule that a state court incorrectly interpreted its own law." *Charles v. Thaler*, 629 F.3d 494, 500-01 (5th Cir. 2011) (citing *Schaetzle*

*v. Cockrell*, 343 F.3d at 448-49 , *Weeks v. Scott*, 55 F.3d 1059, 1063 (5th Cir. 1995), and *Moreno v. Estelle*, 717 F.2d 171, 178–79 (5th Cir. 1983)).

McCarthy has not shown that any of the grounds that her appellate counsel failed to raise on direct appeal would prevailed, and they all appear to be meritless grounds.  Therefore, appellate counsel was not ineffective, and her eighth claim for federal habeas relief is denied.

## VIII.  CUMULATIVE

In her ninth and final claim, McCarthy asserts cumulative error as a ground for habeas relief. (Pet. at 74-75.)  "Federal habeas corpus relief may only be granted for cumulative error in the conduct of a state trial where (1) the individual errors involved matters of constitutional dimension rather than mere violations of state law; (2) the errors were not procedurally defaulted for habeas purposes; and (3) the errors so affected the entire trial that the resulting conviction violates due process." *Turner v. Quarterman*, 481 F.3d 282, 301 (5th Cir. 2007) (quoting *Derden v. McNeel*, 978 F.2d 1453, 1454 (5th Cir. 1992) (internal citation omitted)); *Kessel v. Quarterman*, No. H-07-4578, 2008 WL 2596662, at *10 (S.D.Tex., Jun. 25, 2008).  Since there is no error to cumulate, this claim is denied.

## IX. CONCLUSION

Upon review of the papers, pleadings and records in this case, the Court finds that McCarthy has failed to establish that the state courts' adjudication of her grounds for relief resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. *See* 28 U.S.C.A. § 2254(d)(1); *Williams v. Taylor*, 529 U.S. at 412-13; *Chambers v. Johnson*, 218 F.3d at 363.  McCarthy has further failed to demonstrate that the state courts' decisions were based upon any unreasonable determinations of the facts in light of the evidence presented in the state court proceedings. *See* 28 U.S.C.A. § 2254(d)(2);

*Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).  Therefore, the petition for writ of habeas corpus is DENIED.

In accordance with Fed. R. App. P. 22(b) and 28 U.S.C. § 2253(c) and after considering the record in this case, the court denies McCarthy a certificate of appealability.  The court finds that the petitioner has failed to show (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

Copies of this order shall be transmitted to counsel of record for each party.

SO ORDERED this 9th day of May, 2011.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

-21-